IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HUMAN GENOME SCIENCES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-526-*** |
| | ) | |
| AMGEN INC. and IMMUNEX CORP. | ) | |
| | ) | |
| Defendant. | ) | |

## HUMAN GENOME SCIENCES, INC.'S REPLY TO COUNTERCLAIMS OF IMMUNEX CORPORATION AND AMGEN, INC.

Plaintiff and Counterclaim Defendant Human Genome Sciences, Inc. ("HGS") provides the following replies to the Counterclaims of Defendants and Counterclaimants Immunex Corp. ("Immunex") and Amgen, Inc. ("Amgen") (collectively, "Defendants"). The numbered paragraphs below correspond to the numbered paragraphs of Defendants' Counterclaims.

## THE PARTIES

25.     Upon information and belief, HGS admits that Immunex Corp. is a wholly-owned subsidiary of Amgen organized and existing under the laws of the State of Washington.  HGS further admits that Immunex is the assignee of U.S. Patent No. 6,642,358 involved in Interference No. 105,381 ("the '381 Interference").  Otherwise HGS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 25 of Defendants' Counterclaims.

26.     Upon information and belief, admitted.

27.     Admitted.

## JURISDICTION AND VENUE

28. Admitted.

29. Admitted.

## BACKGROUND

30. Admitted that the Board's Decision on Motions in the '381 Interference, filed March 26, 2007 ("Decision on Motions"), states that it is "FURTHER ORDERED that Rauch substantive motion 3 is granted to the extent that Ni claims 35, 36, 38-45, 47-54, 56-61, 75, 83, 92, 99, 100, 102-109, 111-116, 127-133, 168-178, and 180-203 are unpatentable under 35 U.S.C. § 102(e) as anticipated by U.S. Patent 6,072,047 . . . and otherwise denied." Admitted that the Board's "Judgment-Order to Show Cause," filed July 27, 2007, states that it is "FURTHER ORDERED that HUMAN GENOME SCIENCES claims 35, 36, 38-45, 47-54, 56-61, 75, 83, 92, 99, 100, 102-109, 111-116, 127-133, 168-178, 180-203 are unpatentable over priori[sic] art 35 U.S.C. § 102(e))" and also stated that "judgment as to Count 1 (the sole count in the interference; Paper1, page 6) is awarded against Junior Party HUMAN GENOME SCIENCES." Otherwise denied.

31. Admitted that in the Decision on Motions, the Board stated: "FURTHER ORDERED that Rauch substantive motion 1 for benefit for the purpose of priority as to Count 1 is granted as to the 28 March 1997 and 4 June 1997 filing dates of applications 08/829,536 and 08/869,852, respectively, and otherwise denied." Otherwise denied.

## FIRST COUNTERCLAIM

32. *See* Responses to paragraphs 25-31.

33. Denied.

## SECOND COUNTERCLAIM

34. *See* Responses to paragraphs 25-31.

35. HGS admits that the Board's Decision on Motions denied Immunex benefit for the purpose of priority of the filing date of the '861 and '255 Applications. Otherwise denied.

### THIRD COUNTERCLAIM

36. *See* Responses to paragraphs 25-31.

37. Denied.

### AFFIRMATIVE DEFENSES

As and for its Affirmative Defenses, HGS states as follows:

### First Affirmative Defense

38. Immunex's involved claims are unpatentable as anticipated under one or more subsections of 35 U.S.C. § 102.

### Second Affirmative Defense

39. Immunex is not entitled to relief because HGS is entitled to priority of invention.

WHEREFORE, HGS respectfully requests the entry of judgment that:

A. Immunex's counterclaims be dismissed with prejudice;

B. The June 27, 2007 decision in Interference 105,381 be vacated;

C. The Board's Judgment be reversed;

D. Ni's involved claims are patentable;

E. Rauch's involved claims are unpatentable;

F. All Rauch's involved claims are unpatentable as anticipated under 35 U.S.C. § 102(e) by U.S. Patent No. 6,872,568;

G. Rauch is not entitled to the benefit of priority of the March 28, 1997 and June 4, 1997 filing dates of applications 08/829,536 and 08/869,852, respectively;

H. Ni's involved claims are patentable under 35 U.S.C. § 102(e) as not anticipated by U.S. Patent No. 6,072,047;

I. Ni is entitled to the benefit of priority of the March 17, 1997 filing date of provisional application 60/040,846;

J. Ni has priority as to the subject matter at issue in the '381 Interference under 35 U.S.C. § 102(g), or in the alternative, that the case be remanded to the Board for a determination of priority;

K. Rauch's involved claims are unpatentable under 35 U.S.C. § 102(g), or in the alternative, that the case be remanded to the Board for a determination of priority;

L. Ni is entitled to substitute Count 1 of the interference with a proposed Count 2;

M. Ni has priority as to the subject matter of proposed Count 2;

N. Ni has priority as to the subject matter of proposed Count 1;

O. That every decision in the interference in which the Board ruled against Ni be reversed or in the alternative vacated and remanded;

4

P.  That every decision in the interference in which the Board denied or dismissed the relief sought by Ni be reversed or in the alternative vacated and remanded;

Q.  That every decision in the interference in which the Board granted the relief sought by Rauch be reversed or in the alternative vacated and remanded;

R.  Costs and attorneys fees be awarded in favor of HGS against Immunex; and

S.  Such other and further relief as may be appropriate.

ASHBY & GEDDES

*/s/ Steven J. Balick*

_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

*Attorneys for Plaintiff*
*Human Genome Sciences, Inc.*

*Of Counsel:*

Richard L. DeLucia
John R. Kenny
A. Antony Pfeffer
KENYON & KENYON
One Broadway
New York, New York 10004-1050
(212) 425-7200

Dated: November 9, 2007

185759.1