Human Genome Sciences, Inc.

v.

Amgen, Inc. et al.

LETTER BRIEF REGARDING ISSUES ON APPEAL
# EXHIBIT G

The opinion in support of the decision being entered today is not binding precedent of the Board

Paper 113

Mail Stop Interference
P.O. Box 1450
Alexandria, VA 22313-1450
Tel: 571-272-4683
Fax: 571-273-0042

UNITED STATES PATENT AND TRADEMARK OFFICE
_____

BEFORE THE BOARD OF PATENT APPEALS
AND INTERFERENCES
(Administrative Patent Judge Richard E. Schafer)
_____

**Human Genome Sciences, Inc.**,
Junior Party
(Application 10/005,842-IFW
Inventors: Jian Ni, Reiner L. Gentz,
Guo-Liang Yu and Craig A. Rosen),
v.
**Immunex Corp.**,
Senior Party
(Patent 6,642,358
Inventors: Charles Rauch and Henning Walczak).
_____

Patent Interference No. 105,381 (RES)
_____

Before MICHAEL R. FLEMING, *Chief Administrative Patent Judge*, and FRED E. McKELVEY, *Senior Administrative Patent Judge*, and RICHARD E. SCHAFER, ADRIENE LEPIANE HANLON and CAROL A. SPIEGEL, *Administrative Patent Judges*.

SCHAFER, *Administrative Patent Judge*.

**Decision - Rehearing - Bd.R. 125(c)**

Letter Brief
Ex. G
Decision-Rehearing

Human Genome Sciences (HGS) requests reconsideration of the part of the panel decision entered March 27, 2007 (Paper 101) holding HGS' involved claims unpatentable under 35 U.S.C. § 102(e).  HGS asserts that the motion should have been deferred rather than decided on the merits. We deny the request.

**Background**

    **Interference Procedure**

Interferences are typically conducted in two phases: a first phase, often referred to as the "motions phase," and a second phase, the "priority phase."  During the first phase adjustments may be made to the initial conditions of the interference by filing certain motions.  These motions include, but are not limited to, challenging (1) the existence of the interference (no interference-in-fact), (2) the appropriateness of the count or counts (add or substitute counts), (3) the claims at risk in the interference (claim correspondence), (4) the patentability of involved claims, and (5) the constructive reduction to practice date of the subject matter of the count (according or attacking priority benefit).

The first phase concludes with a decision on motions.  The decision sets the conditions of the interference for the priority phase.  These conditions include the count or counts (which govern the scope of the proofs which may be submitted to prove priority), the dates which the junior party must prove in order to prevail on priority, and the claims which will be lost in the event of an adverse judgment on priority.

During the priority phase, the parties attempt to prove priority in the context of the conditions established as a result of the motions phase.  The parties may attempt to prove an earlier actual reduction to practice, an earlier

1  conception of the invention coupled with diligence to a later reduction to
2  practice, and/or derivation.

3  **Prosecution of Interference 105,381**

4  During the first stage of the interference, the parties filed a number of
5  motions.

6  HGS' motions included a motion asserting that it was entitled to an
7  earlier constructive reduction to practice date for the subject matter of the
8  count. HGS Motion 2, Paper 30. HGS there asserted a constructive
9  reduction to practice by the filing of Provisional Application 60/040,**846** and
10  further asserted that it should be accorded the filing date of that application
11  as to the subject matter of the count.

12  Immunex's motions included a motion asserting, *inter alia*, that HGS'
13  involved claims were anticipated by certain prior art under 35 U.S.C.
14  § 102(e). Immunex Motion 3, Paper 36. In addition to arguing that HGS'
15  claimed subject matter read on the prior art, Immunex argued that HGS'
16  claimed subject matter was not entitled to the filing date of HGS' **846**
17  Provisional Application. Immunex relied upon both documentary and
18  testimonial evidence supporting its position. After cross-examining
19  Immunex's witnesses, HGS filed an opposition. Paper 49. The opposition
20  included the argument that HGS' involved claims were not anticipated
21  because those claims were said to be entitled to the filing date of the **846**
22  provisional. HGS supported its opposition with both documentary and
23  testimonial evidence, including the cross-examination testimony of
24  Immunex's witnesses. After cross-examination of HGS' witness, Immunex
25  filed a reply. Paper 66. The reply relied upon testimonial and documentary
26  evidence. Immunex's reply again argued that HGS' claims were not entitled
27  to the filing date of the **846** provisional.

1  The parties appeared for oral argument where both parties addressed
2  Immunex's Motion 3.  During his rebuttal period at oral argument, HGS'
3  counsel requested for the first time in the interference that, in the event that
4  HGS was held not to be entitled to the benefit of the earlier application, the
5  decision on Immunex's Motion 3 be deferred until the priority phase of the
6  interference:

7        It is not late today, for example, to ask you to -- if the
8        benefit motions don't resolve 102[(a)] and 102[(e)] and
9        moot it, which we believe it will, because we are entitled
10       to '846, that you defer the 102[(a)] and 102[(e)] motions
11       in all these interferences to priority . . . .

12 Oral Argument Transcript, Paper 99, p. 5, ll. 11-16.  HGS relied upon
13 *LaVeen v. Edwards,* 57 USPQ2d 1416 (BPAI 2000), as supposedly allowing
14 such deferral.  Oral Argument Transcript, Paper 99, p. 5, ll. 2-10.
15       Subsequently, the panel issued a decision granting Immunex's
16 Motion 3 to the extent that HGS' involved claims were anticipated under 35
17 U.S.C. § 102(e).  Paper 101, p. 29-38.  In reaching its decision the panel also
18 held that HGS' claimed subject matter was not entitled under 35 U.S.C.
19 § 119 to the filing date of the **846** provisional application.  Paper 101, p. 29-
20 38.  The panel decision also denied HGS' motion for the priority benefit of
21 the filing date of the provisional application as to the subject matter of the
22 count.  Paper 101, p. 7-28.  The opinion did not address the request to defer
23 the decision on the motion.
24 **Discussion**
25       HGS requests reconsideration arguing that the panel overlooked HGS'
26 request during the oral argument that a decision on Immunex's Motion 3 be
27 deferred to the priority phase of the interference under the *LaVeen* decision.
28 Paper 104, p. 1.

**LaVeen v. Edwards**

*Laveen* is an expanded panel decision and binding precedent of the Trial Division. During the motions phase Edwards filed a motion seeking entry of judgment against certain of Leveen's claims asserting that the subject matter of those claims is anticipated or would have been obvious. Both grounds relied upon a patent said to qualify as prior art under § 102(e). In opposing the motion, LaVeen relied on allegations in its preliminary statement which asserted an actual reduction to practice prior to the filing date of the reference patent and asked that the motion be deferred until final hearing.

The *Laveen* opinion noted that the PTO's regulations did not specifically cover the use of a preliminary statement as a "defense" or opposition to a motion alleging unpatentability under § 102(a) or § 102(e) prior art. The opinion confirmed a practice directed to situations where (1) a motion for judgment relies upon a § 102(a) or § 102(e) reference and (2) the opponent alleges a date of invention in its priority statement earlier than the prior art date of the reference. Under this practice the opponent had to make a litigation choice and elect one of two choices:

> A first choice will be for the opponent to call attention to its preliminary statement and ask that a decision on the preliminary motion be deferred to the priority phase of the interference. In effect, LeVeen has asked for this choice in its opposition in this interference.
> A second choice is for the opponent to present proofs under 37 CFR § 1.131 together with its opposition.

*Laveen*, 57 USPQ2d at 1420.

There are similarities in antedating under § 1.131 and proving priority under 35 U.S.C. § 102(g). The proofs under § 1.131 must "establish reduction to practice prior to the effective date of the reference, or

1  conception of the invention prior to the effective date of the reference
2  coupled with due diligence from prior to said date to a subsequent reduction
3  to practice or to the filing of the application." 37 CFR § 1.131(b).  Section
4  102(g) similarly provides: "In determining priority of invention under this
5  subsection, there shall be considered not only the respective dates of
6  conception and reduction to practice of the invention, but also the reasonable
7  diligence of one who was first to conceive and last to reduce to practice,
8  from a time prior to conception by the other."
9       As a result of these similarities, it may be that some of the proofs for
10 antedating and priority are the same.  For example, an inventor's notebook
11 and inventor's testimony as to an actual reduction to practice might be relied
12 upon for both antedating and priority.  Deferral of a decision on the
13 unpatentability motion until the priority phase would avoid filing of separate
14 declarations by the inventor, one in each phase, on antedating and on priority
15 and having the inventor cross-examined separately on each declaration.
16 Thus, deferral of the decision until the priority phase may be less costly and
17 more efficient for the parties and the Board.
18       *LaVeen* confirms the practice that an opponent may request deferral of
19 the decision on the unpatentability motion in lieu of putting on a § 1.131
20 case during the first phase of the interference.  While *LaVeen* speaks in
21 terms of deferral of the motion decision, an opponent is also requesting
22 deferral of the submission of its evidence and arguments supporting
23 antedating until the priority phase.  In other words, if the request for deferral
24 is granted, the opponent's evidence and arguments on antedating will be
25 submitted simultaneously with the opponent's priority case.  The movant's
26 reply will also be submitted during the priority phase.

**HGS' Request for Reconsideration**

HGS, quotes from Footnote 9 of the *LaVeen* opinion, that "[t]here may be other choices which might make sense in a particular case." HGS urges that the *LaVeen* procedure should be extended to situations where the opponent attempts to "antedate" by relying on the filing dates of earlier applications under 35 U.S.C. §§ 119 and 120.

We decline to extend the *LaVeen* practice to this fact situation. As we noted above, a foundation of the *LaVeen* practice is the possible similarity of antedating and priority proofs. Where antedating and priority proofs and arguments overlap, deferral of the decision and submission of evidence until the priority phase may result in a more efficient and less costly proceeding. *See* 37 CFR § 41.1(b) ("The provisions of Part 41 shall be construed to secure the just, speedy, and inexpensive resolution of every proceeding before the Board.") HGS has not explained, and we do not perceive, any similar benefits from a deferral of the decision on patentability where the opposition relies on the filing dates of earlier applications under §§ 119 and 120. Unlike antedating under § 1.131 and priority, which involve similar considerations, there are no readily apparent similarities between proofs and arguments attempting to establish an earlier effective filing date, on the one hand, and priority proofs and arguments, on the other.

We also note that considerations involved with an opposition asserting that the claims are entitled to an earlier effective filing date under §§ 119 and 120 may be similar to those involved in a motion asserting that the subject matter of a count should be accorded the benefit of the filing date of an earlier application. For example, some proofs and testimony for the former may overlap the proofs and testimony for the latter. Thus, both should be decided in the same phase of the interference. Experience has

- 7 -

Letter Brief
Ex. G
Decision-Rehearing

1 shown that the conduct of an interference is most efficient when the motions
2 are decided in the first phase of the interference. There are no readily
3 apparent efficiencies resulting from deciding a motion for benefit while
4 deferring a decision on an unpatentability motion defended using
5 overlapping proofs and arguments.[1]

6 **Time for Requesting Deferral under *LaVeen***

7 HGS raised deferral of the motion during the rebuttal portion of its
8 oral argument. HGS' request was untimely.

9 As noted in the *LaVeen* opinion, a party faced with an unpatentability
10 motion relying on § 102(a) or (e) prior art has two choices. In simplified
11 form the two choices are (1) request deferral or (2) file an opposition.
12 *LaVeen,* 57 USPQ2d at 1420. HGS filed an opposition. Thus, to the extent
13 that *LaVeen* had any applicability, HGS made its choice by filing an
14 opposition to Immunex's Motion 3. At this point the issue was joined and
15 there was no apparent reason to defer the decision to the priority phase.
16 Having made this litigation choice, HGS, in effect, is now requesting a
17 second opportunity to antedate relying on what apparently would be § 1.131
18 antedating proofs. As stated in *LeVeen*, 57 USPQ2d at 1415,

19     because there are adverse parties in an interference, a
20     party is normally given but one opportunity to make out
21     its case. *Compare Burson v. Carmichael*, 731 F.2d 849,
22     854, 221 USPQ 664, 667 (Fed. Cir. 1984) (in an

---

[1] There are apparent detriments. For example, denying a motion for priority benefit while deferring the opposition, reply and decision on the patentability motion would be unfair to the moving party and probably increase costs. Having received a decision on a companion motion having very similar issues and overlapping proofs, the opponent of the deferred patentability motion would likely reform its opposition with new arguments and proofs attempting to address any deficiencies noted in the earlier decision.

interference case where losing party wanted a remand to place additional evidence in the record, the Federal Circuit notes that "There is no support in the law for repeated bites at the apple.").

We also note that Immunex's unpatentability motion was fully developed and ripe for decision. The parties had presented testimony and documentary evidence, cross-examined the witnesses and fully briefed the patentability issue. Thus, HGS had a full opportunity to address the unpatentability issue. There was no reason to defer the decision. It was appropriate to decide the motion. *Perkins v. Kwon*, 886 F.2d 325, 328, 12 USPQ2d 1308, 1311(Fed. Cir. 1989) ("[I]ssues of patentability and priority that have been fully developed before the Board should be resolved by the Board.").

Where a movant has filed an unpatentability motion relying on § 102(a) or (e) prior art and the opponent has alleged a date of invention in its priority statement earlier than the date of the prior art, the time for requesting deferral of the decision is no later than the time for filing an opposition to the motion. The opponent will then have all the information necessary to decide whether to oppose by putting on a § 1.131-type case or to request deferral. Since the deferral is discretionary with the APJ designated to handle the interference, the matter should initially be raised in a conference call with that APJ prior to the time for filing an opposition.

1 **DECISION**

2      HGS' request for reconsideration is denied.

| | |
|---|---|
| /ss/ Michael R. Fleming ) | |
| MICHAEL R. FLEMING ) | |
| *Chief Administrative Patent Judge* ) | |
| ) | |
| /ss/ Fred E. McKelvey ) | |
| FRED E. McKELVEY ) | |
| *Senior Administrative Patent Judge* ) | |
| ) | BOARD OF |
| /ss/ Richard E. Schafer ) | PATENT APPEALS |
| RICHARD E. SCHAFER ) | AND |
| *Administrative Patent Judge* ) | INTERFERENCES |
| ) | |
| /ss/ Adriene Lepiane Hanlon ) | |
| ADRIENE LEPIANE HANLON ) | |
| *Administrative Patent Judge* ) | |
| ) | |
| /ss/ Carol A. Spiegel ) | |
| CAROL A. SPIEGEL ) | |
| *Administrative Patent Judge* ) | |

cc: (electronic filing)

| | |
|---|---|
| Counsel for HUMAN GENOME SCIENCES, INC: | Counsel for IMMUNEX CORPORATION: |
| Jorge A. Goldstein, Esq. | Michael J. Wise, Esq. |
| STERNE, KESSLER, GOLDSTEIN & FOX PLLC | PERKINS COIE LLP |
| 1100 New York Avenue, N.W. | 1620 26th Street, |
| Washington, D.C. 20005-3934 | 6th Floor, South Tower |
| Tel: 202-371-2600 | Santa Monica, CA 90404-4013 |
| Fax: 202-371-2540 | Tel: 310-788-3210 |
| Email: jgold@skgf.com | Fax: 310-788-3399 |
| | Email: mwise@perkinscoie.com |

Attorney for GENENTECH (Interference 105,361):
Oliver R. Ashe, Jr. Esq.
ASHE, P.C.
11440 Isaac Newton Square North
Suite 210
Reston, VA 20190
Tel: 703-467-9001
Fax: 703-467-9002
Email: oashe@ashepc.com