IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HUMAN GENOME SCIENCES, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civ. No. 07-526-SLR-MPT |
| AMGEN, INC. and IMMUNEX, CORP., | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM ORDER**

At Wilmington this 16th day of December, 2008, having reviewed the memorandum order issued April 8, 2008 (D.I. 33), and the objection filed by defendants filed in connection therewith (D.I. 35);

IT IS ORDERED that defendants' objection is overruled, and the memorandum order affirmed, consistent with the following reasoning:

1. **Background.** The pertinent history of this action has been detailed in the memorandum order at issue (D.I. 33), and will be repeated here by way of summary only. This is an action initiated pursuant to 35 U.S.C. § 146 for review of a judgment, entered July 27, 2007, by the Board of Patent Appeals and Interferences ("the Board") of the United States Patent and Trademark Office in connection with interference no. 105,381 ("the '381 interference"). The '381 interference involved plaintiff Human Genome Science's ("HGS"'s) U.S. Patent Application No. 10/005,842 ("the '842 application") and defendant Immunex Corp.'s ("Immunex"'s) U.S. Patent No. 6,642,358 ("the '358 patent"). Immunex was named the Senior Party.

2. In its decision on the substantive motions, the Board determined, *inter alia*: (1) the '842 application is accorded benefit of the March 17, 1998 filing date of U.S. Patent Application No. 09/042,583, but not the benefit of the filing date of U.S. Provisional Application No. 60/040,846 (March 17, 1997); (2) the '358 patent is entitled to the benefit of priority of the March 28, 1997 and June 4, 1997 filing dates of U.S. Patent Applications nos. 08/829,536 and 08/869,852; (3) the '842 application's claims at issue are unpatentable under 35 U.S.C. § 102(e) as anticipated by U.S. Patent No. 6,072,047; and (4) the '358 patent is not anticipated under 35 U.S.C. § 102(e) by U.S. Patent No. 6,872,568.

3. The Board subsequently issued an order to show cause why the '381 interference should proceed, in view of the Board's determinations that HGS was the Junior Party and that all of HGS's claims corresponding to the designated count were unpatentable. HGS argued, ultimately unsuccessfully, that the Board was obligated to consider priority. The Board concluded that "no significant need to address priority" existed in view of its determination on the "critical question" of the interference – that Immunex, and not HGS, should obtain a patent on the subject matter of the count. (D.I. 33 at 15, citing D.I. 22, ex. D at 9:11-14, 10:23-11:10) The '381 interference was terminated at the beginning of the priority phase.

4. In this § 146 action, HGS seeks review and reversal of each adverse decision by the Board in the '381 interference. (D.I. 1)

5. On December 5, 2007, defendants filed a letter brief addressing the issue of the permissible scope of discovery in the action at bar. (D.I. 22) Defendants asserted that because the '381 interference was terminated early in the priority phase, prior to

2

the submission of defendants' briefing on priority and any decision by the Board on priority, priority is not before the court in this action and no discovery on the issue of priority should be allowed. (*Id.* at 5-6) HGS responded that priority had been raised before the Board, and no authority restricts limiting the scope of discovery in a § 146 appeal to only issues "decided" by the Board rather than issues "raised" before the Board. (D.I. 24)

6. On April 8, 2008, Magistrate Judge Thynge[1] issed a memorandum and order resolving the discovery dispute. (D.I. 33) Judge Thynge held that "the issue of priority was raised adequately below" so as to enable the district court's review under 35 U.S.C. § 146. (*Id.* at 19) That is, the priority phase had begun three weeks prior to the Board's termination of the interference, and HGS had filed a motion on priority prior to that termination. (*Id.* at 20) Having found that the priority issue was adequately before the court, Judge Thynge stated that "the parties may conduct discovery on that issue." (*Id.* at 21) The scope of allowable discovery "concern[s] any issue raised before the Board," and disputes on "particular discovery [ ] being sought on an issue" should be presented with an "expla[nation of] the relevance, or lack thereof, for specific discovery requests." (*Id.* at 23-24, citing *Winner Int'l Corp. v. Wang*, 202 F.3d 1340 (Fed. Cir. 2000))

7. Defendants subsequently filed an objection via a letter brief "request[ing]

---

[1]This case was assigned to this court in February 2008. The discovery issue was referred back to Magistrate Judge Thynge to make a recommendation as to the proper scope of discovery on March 10, 2008. (D.I. 31)

clarification" of Judge Thynge's order. (D.I. 35 & n.2[2]) HGS filed a letter response, and defendants filed a reply. (D.I. 36, 37)

8. **Standard.** "Under 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a), the Court's scope of review of decisions by the Magistrate Judge on non-dispositive matters, such as these discovery disputes, is plenary as to questions of law and, as to factual determinations, is limited to asking whether the rulings are clearly erroneous." *Tulip Computer Intern. B.V. v. Dell Computer Corp.*, No. Civ. A. 00-981, 2003 WL 24046752, *1 (D. Del. Feb. 10, 2003) (citing *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3d Cir. 1992)). This court must accept the Magistrate Judge's factual determinations unless they are either "(1) . . . completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bear[ ] no rational relationship to the supportive evidentiary data[.]" *See Haines*, 975 F.2d at 92.

9. **Analysis.** It is clear from her memorandum order that Judge Thynge recognized that the priority phase of the '381 interference had been initiated three weeks prior to the Board's termination of said interference. Therefore, I agree with Judge Thynge's conclusion that "[t]he issue of priority was not merely a 'passing reference' to the subject" such as would fail to preserve the issue for appeal. More significantly, and in contrast to the facts before me in *Human Genome Sciences, Inc. v. Amgen, Inc. and Immunex Corp.*, Civ. No. 07-780-SLR, it was the Board (not a party to the interference) that terminated the proceedings, based upon its assessment that the priority proceedings could serve no useful purpose following its determination that

---

[2]Defendants "intend[ ] and request[ ] that [their letter brief] be considered objections" pursuant to Fed. R. Civ. P. 72(a).

4

Immunex (and not HGS) was the Senior Party. In other words, the Board was not inclined to change its decision of "seniority" and, therefore, it would be a waste of time to pursue an inconsistent result. It truly is the Board's decision on appeal and the question of priority, raised appropriately by HGS, may shed light on the merits of the Board's decision.

10. **Conclusion.** For the aforementioned reasons, defendants' objections to the Magistrate Judge's memorandum order dated April 8, 2008 (D.I. 33) are overruled, and that order is affirmed and adopted in all respects. The parties shall proceed in accordance therewith.

_____
United States District Judge